IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
(PORTLAND DIVISION)

| | |
|---|---|
| SHANE ATKINSON,<br><br>    Plaintiff,<br><br>v.<br><br>RED ROBIN INTERNATIONAL, INC.,<br><br>    Defendant. | Civil Action No.: _____ |

**DEFENDANT RED ROBIN INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY OF CITIZENSHIP)**

TO:    THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Red Robin International, Inc. ("Red Robin" or "Defendant") hereby removes the above-referenced action filed by Plaintiff Shane Atkinson ("Plaintiff") from the Superior Court for the State of Maine, Sagadahoc County, to the United States District Court for the District of Maine (Portland Division) pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, asserting original federal jurisdiction. Pursuant to 28 U.S.C. § 1446(a), Red Robin sets forth the following "short and plain statement of the grounds for removal."[1]

## I.    PLEADINGS AND PROCEEDINGS TO DATE

On or about September 21, 2022, Plaintiff filed his lawsuit in the Superior Court for the State of Maine, Sagadahoc County, captioned *SHANE ATKINSON v. RED ROBIN*

---

[1] As stated by the United States Supreme Court, in borrowing the familiar "short and plain statement" standard from Fed. R. Civ. P. 8(a), Congress intended to "simplify the 'pleading' requirements for removal" and clarify that courts should "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting H.R.Rep. No. 100–889, p. 71 (1988)).

*INTERNATIONAL, INC.* (the "State Court Action").[2] The State Court Action is a negligence-based lawsuit against Red Robin for injuries suffered by Plaintiff during an alleged slip and fall incident that occurred at a Red Robin restaurant located in Sagadahoc County, State of Maine, on or about September 7, 2020. *See generally* **Exhibit A**.

The complaint filed in the State Court Action did not identify a specific amount in controversy; however, Plaintiff's complaint does reference that the slip and fall incident in question caused Plaintiff to undergo a right knee surgery, to incur past medical expenses with the possibility of incurring medical expenses in the future, and to suffer past general damages in the form of pain, suffering, and mental anguish. **Ex. A**., ¶¶ 12-13. Furthermore, prior to commencing litigation, Plaintiff demanded $150,000 from Red Robin in an effort to resolve his claim related to the alleged slip and fall incident.

## II.   TIMELINESS OF REMOVAL

As provided by 28 U.S.C. § 1446(b), the notice to remove a civil action generally "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Red Robin was served with the State Court Action, including Plaintiff's Complaint and other papers, on September 27, 2022. Consequently, Red Robin's Notice of Removal is timely because it has been filed within 30 days of service of Plaintiff's initial pleading as required under 28 U.S.C. § 1446(b).

---

[2] A copy of all process, pleadings, and other papers served on Red Robin's registered agent on September 27, 2022, related to the State Court Action, are attached as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

21045413_1

### III.   DIVERSITY JURISDICTION

**A.   Standard for Removal under 28 U.S.C. § 1332(a).**

Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction of all civil actions where (1) the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and (2) is between citizens of different States.

**B.   Removal is Proper Because Diversity Jurisdiction Exists.**

*1.   The Matter in Controversy Exceeds $75,000.00, Exclusive of Interest and Costs.*

Regarding the amount in controversy, the notice of removal "need not contain evidentiary submissions." *Owens*, 135 S. Ct. at 551 (quoting 28 U.S.C. § 1446(c)(2)). "In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 554.

As stated above, Plaintiff previously demanded $150,000 from Red Robin in an effort to resolve his claim related to the alleged slip and fall incident.[3]  Based on the monetary amount previously demanded by Plaintiff, presumably asserted in good faith, as well as the nature of the action and the categories of damages sought by Plaintiff in this action, the amount in controversy exceeds $75,000.00, satisfying the first prong for diversity jurisdiction.

*2.   This Action is Between Citizens of Different States.*

A corporation is deemed to be a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).  Here, Red Robin is a citizen of the State of Nevada and the State of

---

[3] Red Robin does not concede, and in fact denies, the existence of any damages alleged by Plaintiff, and Red Robin further denies that it is liable for the incident alleged in Plaintiff's Complaint. *See* **Ex. A**, pp. 3-5. Red Robin contends only that the amount in controversy, based on the Plaintiff's pre-litigation settlement demand, exceeds the $75,000 threshold, which establishes this Court's jurisdiction to hear this case.

21045413_1

Colorado, being that it is a (foreign) corporation organized under the laws of the State of Nevada, with a principal place of business located in the State of Colorado.

Plaintiff, at all relevant times, including at the time the State Court Action was filed and the time this Notice of Removal is being filed with this Court, was and is believed to be a citizen of the State of Maine, residing in Bowdoinham, County of Sagadahoc, as he has asserted in the case caption of his Complaint and on his Civil Summary Sheet. **Ex. A**, p. 3, 7.

As required under 28 U.S.C. § 1332(a), there is complete diversity of citizenship between Plaintiff and Defendant, satisfying the second and last prong for diversity jurisdiction.

## IV.    VENUE

Venue lies in the United States District Court for the District of Maine (Portland Division) pursuant to 28 U.S.C. § 1441(a).  The State Court Action was filed in the Superior Court of the State of Maine, Sagadahoc County, which is located within the District of Maine (Portland Division).

## V.    NOTICE OF REMOVAL

A true and correct copy of this Notice of Removal will be served on Plaintiff and promptly filed with the Clerk of the Superior Court, State of Maine, Sagadahoc County, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant Red Robin International, Inc. prays that the above action pending before the Superior Court for the State of Maine, Sagadahoc County, be removed to the United States District Court for the District of Maine (Portland Division) pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: October 27, 2022

                         **VERRILL DANA, LLP**

                    By: */s/ Jeffrey D. Russell*
                        Jeffrey D. Russell, Esq.
                        One Portland Square
                        Portland, ME 04101-4054
                        Telephone: (207) 253-4626
                        *jrussell@verrill-law.com*

                    *Attorney for Defendant Red Robin International, Inc.*

21045413_1

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October 2022, a true and correct copy of the foregoing Notice of Removal and all attachments hereto were served by U.S. Mail and email on the following counsel of record:

Richard Regan, Esq. – Maine Bar No.: 7949
REGAN LAW LLC
4 Union Park Road #7
Topsham, ME 04086
Phone: (207) 712-0283
richreganlaw@outlook.com

*Counsel for Plaintiff*

                                                **VERRILL DANA, LLP**

                                    By:  */s/ Jeffrey D. Russell*
                                           Jeffrey D. Russell, Esq.
                                           One Portland Square
                                           Portland, ME 04101-4054
                                           Telephone: (207) 253-4626
                                           *jrussell@verrill-law.com*

                                    *Attorney for Defendant Red Robin International, Inc.*